**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KISHAN VINAYAK PATEL,  :  Civil No. 3:25-cv-2483

      Petitioner  :  (Judge Mariani)

  v.  :

WARDEN J. GREENE,  :

      Respondent  :

### MEMORANDUM

Petitioner Kishan Vinayak Patel ("Patel") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that the Federal Bureau of Prisons ("BOP") is refusing to apply First Step Act ("FSA") time credits that he earned starting on the date he was sentenced until he arrived at his BOP designated facility.  The petition is ripe for disposition and, for the reasons set forth below, the Court will deny the habeas petition.

### I.    Background

#### A.    Patel's Criminal History

On September 11, 2025, Patel was sentenced to a 46-month term of imprisonment for money laundering offenses in the United States District Court for the Northern District of Ohio.  (Doc. 8-2, Declaration of BOP Attorney Jennifer Knepper ("Knepper Decl."), at 2 ¶ 3; Doc. 8-3, Public Information Inmate Data).

According to BOP documentation submitted by Respondent, Patel's projected release date is February 3, 2027, via First Step Act time credit and good conduct release.

(*Id.*). However, a review of the BOP's inmate locator indicates that Patel's projected release date is now December 30, 2026.[1]

Patel was housed in a non-BOP facility while in pre-trial status, and from his sentencing on September 11, 2025 to October 23, 2025. (Doc. 8-2, Knepper Decl. at 3 ¶ 8; Doc. 8-5, USM 129 Individual Custody/Detention Report at 2-3). Patel first entered a BOP facility on November 5, 2025, as a holdover inmate awaiting transfer to the Low Security Correctional Facility Allenwood ("LSCI-Allenwood"). (Doc. 8-2, Knepper Decl. at 3 ¶ 9; Doc. 8-6, Inmate History Admission and Release). On November 10, 2025, Patel arrived at LSCI-Allenwood. (*Id.*).

### B.    The First Step Act

The FSA was enacted by Congress in 2018. The primary goal of the FSA is to reduce recidivism of federal prisoners upon their release from imprisonment. 18 U.S.C. § 3632(a). Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System (the "System") within 210 days of December 21, 2018, the date on which the FSA was enacted. *See* 18 U.S.C. § 3632(a). The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically

---

[1]    *See* FEDERAL BUREAU OF PRISONS' INMATE LOCATOR, https://www.bop.gov/inmateloc/ (searching Inmate Number 87333-510) (visited April 2, 2026).

assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (6) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release. *See id.*

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). An inmate may initially earn 10 days of credit for every 30 days of successful participation. *See id.* Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every 30 days of successful participation. *See id.* However, a prisoner cannot earn time credits for successful completion of programming "(i) prior to the date of enactment of [the First Step Act]; or (ii) during official detention prior to the date that the prisoner's sentence commences under section 3585(a)." 18 U.S.C. § 3632(d)(4)(B). According to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

The BOP has issued regulations providing that "[a]n eligible inmate begins earning FSA time credits after the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be

3

served)." 28 C.F.R. § 523.42(a).  An inmate must also be "successfully participating" in designated programming to earn FSA credits.  28 C.F.R. § 523.41(c)(1).  "'Successful participation' requires a determination by [BOP] staff that an eligible inmate has participated in the EBRR programs or PAs that the [BOP] has recommended based on the inmate's individualized risk and needs assessment, and has complied with the requirements of each particular EBRR Program or PA."  *Id.* § 523.41(c)(2).

  C. Patel's FSA Time Calculation

According to the FSA Time Credit Assessment, Patel started earning 10 FSA time credits for every 30-day period of program participation when he arrived at LSCI-Allenwood on November 10, 2025, and has been in continuous FSA earning status since that time. (Doc. 8-4, FSA Time Credit Assessment at 1).

According to the FSA Programming and Education Transcript, Patel was not on the waitlist for any FSA programming before December 2025.  (Doc. 8-2, Knepper Decl. at 3 ¶ 10; Doc. 8-7, Inmate History FSA Programming and Education Transcript).

## II. Discussion

In the habeas petition, Patel argues that he should have begun earning FSA time credits when he was sentenced on September 11, 2025.  (Doc. 1, at 6; Doc. 2).  Patel challenges a difference between the statute and the regulation (*see* Doc. 2, at 2-3)—the statute dictates that a term of imprisonment commences when a prisoner arrives in custody "awaiting transportation to" the facility where the sentence will be served, 18 U.S.C. §

3585(a), while the regulation states that it commences only once a prisoner arrives at the facility where the sentence will be served, 28 C.F.R. § 523.42(a).

Here, whether the regulation conflicts with the statute is not dispositive. While Patel requests that the BOP recalculate his release date to include FSA time credits from the time that he was sentenced until he arrived at his designated facility, he has not shown that he participated in any programming during that period of time. The FSA plainly states that prisoners may earn credits for "successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). Patel failed to present any evidence that he participated in any such programs or activities from the time he was sentenced until he arrived at his designated facility, LSCI-Allenwood. Indeed, Patel acknowledges that he was in a "non-BOP facility" until he arrived at LSCI-Allenwood. (Doc. 11, at 4). The inmate must be in BOP custody to earn FSA credits because the FSA requires that the BOP undertake an individualized assessment to "determine the type and amount of evidence-based recidivism reduction programming that is appropriate" to that specific prisoner. 18 U.S.C. § 3632(a)(3).

Because the uncontroverted record confirms that Patel began earning FSA time credits when he arrived at LSCI-Allenwood (his designated facility) on November 10, 2025, and did not participate in any programming at a BOP facility before that date, the habeas petition must be denied. (Doc. 8-4; Doc. 8-7). *See, e.g.*, *Akhatsegbe v. Greene*, 2025 WL 297699, at *4 n.5 (M.D. Pa. Jan. 24, 2025) (noting that it did not seem that petitioner "could

5

have participated in programming [before he reached his designated facility] because the BOP did not conduct its assessment to determine the type and amount of appropriate programming for him until he reached FCI Allenwood [his designated facility]." (citation omitted); *Dane v. Bayless*, 2024 WL 5150683, at *5 (N.D.W. Va. Nov. 20, 2024) ("[T]he BOP had not yet conducted an assessment to determine the type and amount of programming appropriate for petitioner until he arrived at his designated facility, and as such petitioner could not, in fact, successfully participate in programming."), *report and recommendation adopted*, 2024 WL 5150650 (N.D.W. Va. Dec. 17, 2024).

## III.    **Conclusion**

For the foregoing reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  A separate Order follows.


Robert D. Mariani
United States District Judge

Dated: April ___, 2026

6